IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRELL D. FOLEY,

    Plaintiff,

v.

LOIS I. BRADY; EDWARD D. JELLEN;
VIVIAN H. RHOE; KORNFIELD, PAUL &
NYBERG, P.C., UNITED STATES
DISTRICT COURT, NORTHER DISTRICT
OF CALIFORNIA,

    Defendants.

No. C 06-03888 JSW

**ORDER DISMISSING ACTION WITH PREJUDICE**

    Now before the Court is the motion to dismiss filed by defendants Lois I. Brady, Vivian Rhoe, and Kornfield, Paul & Nyberg, P.C., the motion for leave to file appear as *amicus curaie* by the United States regarding issues of judicial immunity, and the proposed motion to dismiss Bankruptcy Court Judge Edward D. Jellen and the United States District Court by the United States.

    Plaintiff Darrell D. Foley ("Folley") filed a long, convoluted complaint against Lois I. Brady, Vivian Rhoe, Kornfield, Paul & Nyberg, P.C., Bankruptcy Court Judge Edward D. Jellen and the United States District Court, asserting various causes of action based on the administration of his bankruptcy case. In response to the pending motion to dismiss and motion to appear as amicus, Folley filed a 52-page brief with numerous attachments. It is difficult to understand the substance of Folley's allegations or his arguments against dismissal.

**A.     Judicial Immunity.**

The United States seeks to appear as *amicus curiae* to file a motion to dismiss Judge Jellen and the United States District Court based on judicial immunity. While it is not clear to the Court that an *amici* may move a court to dismiss parties, the Court may move *sue sponte* to dismiss claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Moreover, the Court may do so "without notice where the claimant cannot possibly win relief." *Id*. Here, Foley had notice of the basis for the dismissal – judicial immunity – from the United States' proposed motion to dismiss, and he argues against the motion in his lengthy opposition brief.

Judge Jellen is entitled to judicial immunity for his judicial actions. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." *Id*. "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Id*. (quoting *Cleavinger v. Saxner*, 474 U.S. 193 (1985)). A judge lacks immunity only when he or she acts "in the clear absence of all jurisdiction ... or performs an act that is not 'judicial' in nature." *Id*. (internal citation omitted).

Folley complains of acts Judge Jellen conducted in administering Folley's bankruptcy case. For example, Folley alleges that Judge Jellen was "negligent as a gatekeeper," "avoid[ed] responsibility for monitoring the conduct of the defendants," refused to rule on motions, and improperly authorized rule 2004 examinations. (Complaint at pages 9, 11.) Folley's allegations against Judge Jellen arise from his judicial acts, and thus, Judge Jellen is entitled to absolute immunity. Accordingly, the Court dismisses all claims against him with prejudice.

It is not clear what allegations Folley asserts, if any, against the United States District Court. Although Folley names the United States District, the only court conduct he appears to complain of are those he alleges were taken by Judge Jellen. Therefore, because the Court dismissed all claims against Judge Jellen with prejudice, the Court also dismisses all claims, to

United States District Court

For the Northern District of California

the extent there are any, against the United States District Court for the same reason – absolute immunity.[1]

### B.     Claims Against the Trustee.

The claims against Lois Brady, bankruptcy trustee, are dismissed for two reasons. First, Brady is entitled to judicial immunity. *See Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir. 1986). "[A] trustee in bankruptcy or an official acting under the authority of the bankruptcy judge, is entitled to derived judicial immunity because he is performing an integral part of the judicial process." *Id*. "Thus, the trustee losses his immunity if he acts in the clear absence of all jurisdiction." *Mullis v. United States Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987). Folley claims that Brady was acting in the clear abence of all jurisdiction. Upon reviewing the complaint, Folley appears to be asserting claims based on Brady's official duties as a bankruptcy trustee. Therefore, Brady is entitled to derived judicial immunity and the Court dismisses the claims against Brady with prejudice.

Assuming *arguendo*, that Folley states claims against Brady for her conduct as a trustee which fall outside of her derived judicial immunity, the Court dismisses the claims against her *sue sponte* based on res judicata. *See Arizona v. California*, 530 U.S. 392, 412 (2000) (noting that one of the policies underlying res judicata is to avoid unnecessary judicial waste and thus courts may dismiss an action *sue sponte* based on res judicata.")

"'Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in [a] prior action.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). Res judicata applies when, as between two (or more) actions, there is "'(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.'" *Id*. Folley sued Brady in an earlier action filed in the Northern District of California, Case No. C 05-01797, alleging that Brady violated her fiduciary duty by negligently administering estate assets. In that action, the court dismissed Folley's

---

[1] Because the Court is dismissing all claims against Judge Jellen and the United States Court *sue sponte*, the Court denies the motion by the United States for leave to appear as *amicus curiae* and to file a motion to dismiss as moot.

3

claims against Brady with prejudice. (*See* Case No. C 05-01797, Docket No. 8.) Folley asserts similar allegations against Brady in this action. To the extent Folley brings additional allegations, they arise out of the same transactional nucleus of facts, *i.e* Brady's conduct in administering the estate in Folley's bankruptcy case. *See Costantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982). Accordingly, the Court dismisses the claims against Brady with prejudice based on res judicata.

**C.   Claims Against the Trustee's Attorneys.**

As noted above, it is difficult to determine what Folley alleges or what claims he seeks to bring against the defendants. By his complaint, he appears to allege that Vivian Rhoe and Kornfield, Paul & Nyberg, P.C., Brady's attorneys, should be held liable for their conduct in representing Brady. Because the Court has dismissed all claims against Brady, it follows that all claims against Brady's attorneys premised on the same underlying conduct must be dismissed as well. *Cf. Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*, 131 Cal. App .4th 802, 817-18 (2005) (noting that claims against an attorney for conduct on behalf of clients are limited to where the attorney violates a duty he or she owes *independently* to the plaintiff or where the attorney's acts were not done in performance of a professional duty owed to the client but were done for the attorney's own personal financial gain).

**CONCLUSION**

For the foregoing reasons, the Court dismisses this action with prejudice.

**IT IS SO ORDERED.**

Dated: March 7, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4